﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/20 Archive Date: 09/30/20

DOCKET NO. 190828-26797
DATE: September 30, 2020

ORDER

Entitlement to a disability rating in excess of 70 percent for major depressive disorder, effective April 9, 2018 is denied.

FINDING OF FACT

The Veteran’s major depressive disorder symptoms most nearly approximate a 70 percent rating. 

CONCLUSION OF LAW

The criteria for entitlement to a disability rating in excess of 70 percent for major depressive disorder, effective April 9, 2018 have not been met. 38 U.S.C. § 1155 (2012); 38 C.F.R. §§ 4.1-4.14, 4.130, Diagnostic Code 9434 (2019). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from February 1982 to June 2007. 

This matter comes before the Board of Veterans’ Appeals (Board) from a June 2019 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In August 2019, the Veteran filed a notice of disagreement in which he requested direct review. As this is a Direct Review appeal under the AMA, the record closed on the date of notice (June 6, 2019) of the June 2019 rating decision.

Increased Rating

Disability ratings are based on the average impairment of earning capacity resulting from disability. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Where there is a question as to which of two evaluations shall be applied, the higher evaluations will be assigned if the disability more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.  

In general, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, when the current appeal arises from the initially assigned rating, consideration must be given as to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. Fenderson v. West, 12 Vet. App. 119 (1999). Moreover, staged ratings are appropriate in any increased rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505 (2007).  

In considering the severity of a disability, it is essential to trace the medical history of the Veteran. 38 C.F.R. §§ 4.1, 4.2, 4.41. Consideration of the whole-recorded history is necessary so that a rating may accurately reflect the elements of disability present. 38 C.F.R. § 4.2; Peyton v. Derwinski, 1 Vet. App. 282 (1991). The basis of disability evaluations is the ability of the body as a whole to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10.  

The current regulations establish a general rating formula for mental disorders. 38 C.F.R. § 4.130. Ratings are assigned according to the manifestation of particular symptoms. However, the use of the term “such as” in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). 

Accordingly, the evidence considered in determining the level of impairment is not restricted to the symptoms provided in the diagnostic codes. Instead, VA must consider all symptoms of a Veteran’s condition that affect the level of occupational and social impairment, including, if applicable, those identified in the Diagnostic and Statistical Manual of Mental Disorders.  

A rating of 10 percent is warranted when there is occupational and social impairment due to mild or transient symptoms with decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or symptoms controlled by continuous medication.  

A 30 percent is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupation tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: a depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130, Diagnostic Code 9411. 

A rating of 50 percent is warranted when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (retention of only highly learned material, forgetting to complete tasks); impaired judgment, impaired abstract thinking; disturbances of motivation and mood; and difficulty establishing and maintaining effective work and social relationships. Id. 

A 70 percent evaluation is warranted where there is objective evidence demonstrating that the Veteran has occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to suicidal ideation; obsessional rituals which interfere with his routine activities, speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, or effectively; impaired impulse control, such as unprovoked irritability with periods of violence; spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances, including work or a work-like setting; and the inability to establish and maintain effective relationships. Id. 

A 100 percent evaluation is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name. Id. 

The Board has considered the entire record, including the Veteran’s VA clinical records and private treatment records. These show complaints and treatment but will not be referenced in detail. The Federal Circuit has held that the Board must review the entire record but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). Therefore, the Board will discuss the evidence pertinent to the rating criteria and the current disability. 

Entitlement to a disability rating in excess of 70 percent for major depressive disorder, effective April 9, 2018.

The Board finds that an evaluation of 70 percent, but no higher, for the entire period on appeal is warranted. Throughout the entire period on appeal, the Veteran has had occupational and social impairment due to symptoms such as near-continuous panic or depression affecting the ability to function independently, impaired impulse control, such as unprovoked irritability with periods of violence, and the inability to establish and maintain effective relationships. 

For example, the Veteran’s private physician, Dr. M.K., completed a disability benefits questionnaire (DBQ) in May 2019, along with a psychological evaluation. On the DBQ, Dr. M.K. noted the Veteran had occupational and social impairment with reduced reliability and productivity due to disturbances of motivation and mood; suicidal ideation; suspiciousness; obsessional rituals which interfere with his routine activities; near-continuous panic or depression affecting the ability to function independently; panic attacks more than once a week; chronic sleep impairment; mild memory loss; impaired impulse control, such as unprovoked irritability with periods of violence; persistent danger of hurting self or others; difficulty in adapting to stressful circumstances, including work or a work-like setting; and the inability to establish and maintain effective relationships. 

Additionally, Dr. M.K. noted multiple life stressors. Dr. M.K. maintained that the Veteran was falsely accused of sexual molestation, and arrested at his place of work. This led to significant difficulties with coworkers and a hostile working environment to the point that the Veteran now works at home instead of in the office. The Veteran also lost his son about 6 years ago to suicide. He constantly worries about his children, and reports some of his other children have issues including lying, manipulation, and disrespect. The Veteran reported that he and his wife have a lack of intimacy due to unresolved conflict, also related to problems with their children, and that his wife constantly threatens to leave him. His wife reported that he is very argumentative, defensive, insecure, and constantly swears. The Veteran also had a falling out with his former best friend, relating to his children. Additionally, the Veteran reported that the circumstances leading to his honorable discharge cause him stress. 

Dr. M.K. discussed the Veteran’s social impairment. He said the Veteran has “significant suspiciousness and hostility in his relationships with others.” The Veteran is “quick to believe that he’s treated unfairly” and holds grudges. Additionally, Dr. M.K. determined that “[d]ue to mistrust of others, working relationships are likely to be strained in spite of the efforts of others to demonstrate support and assistance.” Dr. M.K. determined the Veteran’s depression is associated with “occupational and social impairment that causes frequent decrease in work efficiency and frequent periods of inability to perform occupational tasks, making it very difficult for him to function consistently and satisfactorily with routine behavior, self-care, and conversation.”

The Veteran also submitted VA treatment records, which reported his depression symptoms in 2019. These treatment records document the Veteran’s relationship issues with his wife, children, and former best friend, including the opinion that the Veteran’s familial relationships are co-dependent. The Veteran reported feelings of being out of control, frustrated, angry, and resentful. Another symptom he has is anhedonia. He said he used to golf and fish and be “more outgoing.” Additionally, the Veteran reported six nightmares a week, fluxuating appetite, chronic worry, restlessness, and difficulty concentrating. 

Although occupational and social impairment with reduced reliability and productivity is associated with a 50 percent disability rating, the Veteran has several symptoms associated with a 70 percent disability rating, including near-continuous panic or depression affecting the ability to function independently, impaired impulse control, such as unprovoked irritability with periods of violence, and the inability to establish and maintain effective relationships. Therefore, the Board finds that the Veterans symptoms more nearly approximate an evaluation of 70 percent.

The Board has also considered the Veteran’s symptoms which are not included in the rating criteria listed under 38 C.F.R. § 4.130 and whether they constitute symptoms that would be comparable in type and degree (frequency, severity, and duration) to the criteria for a 100 percent rating. See Mauerhan, 16 Vet. App. at 443; Vazquez-Claudio v. Shinseki. Though the Veteran’s symptoms have been shown to be significant and manifest with frequency, the Board, in weighing all of the evidence, does not find that these symptoms are of a comparable severity to the symptomatology required for a rating of 100 percent.

The Veteran has not exhibited symptoms that more nearly approximate a 100 percent rating. The Veteran’s occupational and social impairment is not caused by gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name. The Veteran did not report any of the above symptoms to Dr. M.K. or during treatment at the VA. Additionally, he has specifically denied delusions or hallucinations, and has been observed as “appropriately dressed” and “well groomed” on multiple occasions. Although the Veteran reported past suicidal ideation and threatened to kill his former best friend, these were fleeting and passive, and he did not form a plan. Dr. M.K. noted the symptom of “persistent danger of hurting self or others.” However, he also stated that the Veteran did not pose a threat of harm to himself or others. VA treatment records also report that the Veteran was assessed to be at a low risk of harming himself or others. 

Thus, the Board concludes that the Veteran’s symptoms likely more nearly approximate the criteria for a 70 percent rating, but no higher. The Veteran’s claim of entitlement to a rating in excess of 70 percent for his major depressive disorder, effective April 9, 2018, is denied. 

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Papacalos, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.